**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ APR 19 2010 ★
BROOKLYN OFFICE

| | |
|---|---|
| CARLA THOMAS ) | Case No. |
| ) | CV 10 - 1768 |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| PORTFOLIO RECOVERY ASSOCIATES, ) | **Jury Trial Demanded** WEXLER, J |
| LLC ) | |
| ) | |
| Defendant. ) | **ORENSTEIN, M.J.** |
| ) | |

PLAINTIFF, Carla Thomas ("Plaintiff"), by and through the undersigned attorney, files this Complaint against DEFENDANT, Portfolio Recovery Associates, LLC ("Defendant"), and alleges as follows:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the following provisions, resulting from abusive behavior against Plaintiff in the course of Defendant's attempt to collect a debt:

    (1) The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II. JURISDICTION

2. The FDCPA claim arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

*Complaint*
*Page 1 of 5*

### III. PARTIES

3.  Plaintiff, Carla Thomas ("Plaintiff"), is a natural person residing in Nassau County, New York.

4.  Defendant, Portfolio Recovery Associates, LLC, ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

### IV. FACTUAL ALLEGATIONS

5.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6.  Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7.  All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8.  Within the last year, Defendant contacted Plaintiff by telephone in an attempt to collect an alleged outstanding debt. During that telephone conversation, Defendant performed the following acts, which amount to violations under various federal and state laws. Making a statement that was inconsistent with and overshadowed the disclosures required by 15 USC § 1692g(a) during the thirty-day dispute period.

Defendant sent Plaintiff a dun for the alleged debt on or about February 4, 2010. Upon receipt of such letter, Plaintiff called Defendant and discussed the alleged debt. Plaintiff was unfamiliar with the debt, so she asked Defendant to give her additional details regarding said debt. Defendant

*Complaint*
*Page 2 of 5*

could not provide the requested information, so Plaintiff decided to dispute the debt. Defendant asked for Plaintiffs phone number, but Plaintiff refused because Defendant had not been able to provide details about the debt and Plaintiff was therefore skeptical of Defendants authenticity. Defendant then told Plaintiff that if she wanted to dispute the debt, she must call back some time before March 19, 2010.

This statement was inconsistent with the disclosures made in the February 4, 2010, letter, which states that if Plaintiff does not dispute the debt within 30 days, Defendant will assume the debt is valid. Such statement was also deceptive, because if Plaintiff had heeded Defendants statement, she would have falsely believed that a dispute by telephone were sufficient to force Defendant by law to provide validation. However, the law provides that Plaintiff must dispute the debt in writing in order to have a legal right to validation (§ 1692g(b) & 1692e(10)).

9.      As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

10.     Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

11.     Defendant's action, detailed above, was undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

12.     Defendant's actions, detailed above, constituted an extraordinary transgression of the bounds of socially tolerable conduct

13.     To the extent Defendant's actions, detailed above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.     Declaratory judgment that Defendant's conduct violated the FDCPA;
B.     Actual damages pursuant to 15 USC 1692k;
C.     Statutory damages pursuant to 15 U.S.C. § 1692k;
D.     Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,
E.     For such other and further relief as may be just and proper.

This _8th_ day of _APRL_, 2010.


ATTORNEYS FOR PLAINTIFF
*Carla Thomas*

Respectfully submitted,


Dennis R. Kurz
NY Bar No. 4570453
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
80 Broad Street, 5th Floor
New York, NY 10004
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com


*Complaint*
*Page 4 of 5*

*Please send correspondence to address below*

Dennis R. Kurz
NY Bar No. 4570453
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012